UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OSCAR PAZ CRUZ, NEPTALI ORTEGA,
CARLOS FRANCISCO AYALA FUENTES,
MANUEL DEJESUS AYALA FUENTES,
on behalf of themselves and all others
similarly situated,

                            Plaintiffs,                      MEMORANDUM
                                                          AND ORDER

              - against -                         CV 10-3735 (LDW) (AKT)

LYN-ROG INC.,
*d/b/a* THE ULTIMATE CAR WASH,
and ROGER LENZA

                            Defendants.
------------------------------------------------------------X

A. KATHLEEN TOMLINSON, Magistrate Judge:

**I.**        **PRELIMINARY STATEMENT**

       Plaintiffs Oscar Paz Cruz, Neptali Ortega, Carlos Francisco Ayala Fuentes, and Manuel DeJesus Ayala Fuentes ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated, seeking unpaid overtime compensation from Defendants Lyn-Rog Inc. *d/b/a* The Ultimate Car Wash and Roger Lenza ("Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law.

       Currently before the Court is Plaintiffs' motion for: (1) conditional certification as an FLSA collective action pursuant to 29 U.S.C. § 216(b) ("Section 216(b)"); (2) Defendants' production of names and last known addresses of potential class members employed by Defendants from August 2004 through October 2010; and (3) Court authorization to post and circulate a proposed Notice of Pendency and Consent to Join, in English and Spanish, to all

individuals who are similarly situated in this potential collective action. *See* DE 7. Defendants have filed opposition to Plaintiffs' motion contending that Plaintiffs cannot determine that the potential class members are "similarly situated." *See* DE 12. Based upon my review of the parties' submissions and the applicable case law, and for the reasons set forth below, Plaintiffs' motion is hereby GRANTED.

**II.    BACKGROUND**

Plaintiff Oscar Paz Cruz was employed by Defendants as a car laborer who cleaned, dried, and detailed cars from approximately October 2008 until April 2010. Compl. ¶¶ 15-16. Plaintiff Neptali Ortega was also employed by Defendants as a car laborer who cleaned, dried, and detailed cars from approximately April 2008 until March 2010. Compl. ¶¶ 17-18. Plaintiff Carlos Francisco Ayala Fuentes was also employed by Defendants as a car laborer who cleaned, dried, and detailed cars from approximately May 2008 to the present. Compl. ¶¶ 19-20. Manuel DeJesus Ayala Fuentes was also employed by Defendants as a car laborer who cleaned, dried, and detailed cars from approximately October 2006 through October 2009. Compl. ¶¶ 21-22. Defendants are engaged in the car wash and detailing business on Long Island. Compl. ¶ 25. Defendant Roger Lenza is alleged to be the owner, operator, President, Vice-President, shareholder, and Chief Executive Officer of Lyn-Rog Inc., and, as such, has authority over personnel and payroll decisions. Compl. ¶¶ 28-37.

Plaintiffs contend that they were required to be paid overtime pay at the statutory rate of time and one-half the regular rate of pay after working more than 40 hours in a workweek. Compl. ¶¶ 44, 48, 52, 56. In most workweeks, Plaintiffs claim that they worked more than 40 hours for the Defendants during their employment. Compl. ¶¶ 45, 49, 53, 57. Further, Plaintiffs

allege that Defendants failed to compensate them at the statutory minimum wage. Compl. ¶¶ 46, 50, 54, 58. The Complaint asserts that there are over twenty-five current and former employees who are similarly situated to the Plaintiffs in that they have also been denied overtime compensation. Compl. ¶ 76.

### III. DISCUSSION

#### A. Conditional Certification

The FLSA provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id.* (cited in *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009) (citations omitted)). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Bifulco*, 262 F.R.D. at 212 (citations omitted).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are "similarly situated." *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480

3

(E.D.N.Y. 2001). If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or "opt-in." *Id*. (citing 29 U.S.C. § 216(b)) (additional citations omitted). The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are "actually 'similarly situated.'" *Bifulco*, 262 F.R.D. at 212. "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." *Id*. (citations omitted).

The instant decision concerns only the first step – whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008), and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Doucoure v. Matlyn Fodd, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting *Hoffmann v. Sbarro*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Rule 23. *Rodolico*, 199 F.R.D. at 481 (citing cases). "In making this showing, 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950, 2009 WL 1706535, at *3 (E.D.N.Y. Jun. 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). Courts do not require proof of an actual FLSA violation, "but rather that a 'factual

4

nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Industries, Inc.,* 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007).

This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiffs. *Sexton*, 2009 WL 1706535, at *3 (quoting *Hens v. ClientLogic Operating Corp.,* No. 05 Civ. 381S, 2006 WL 2795620, at *3 (W.D.N.Y. Sept. 26, 2006)); *see also Hallissey v. Am. On-line, Inc.,* No. 99 Civ. 3785, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Wraga v. Marble Lite, Inc.,* No. 05 Civ. 5038, 2006 WL 2443554, at *2 (E.D.N.Y. Aug. 22, 2006) (granting approval of a collective action notice "based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees").

In the instant case, Plaintiffs allege that they were subjected to the same FLSA violations as the potential opt-in plaintiffs while employed by the Defendants. *See* DE 7 at 2. Each named Plaintiff has submitted an affidavit stating that almost all the other car laborers employed by Defendants worked in excess of 40 hour weeks, without being provided with proper payment for overtime. *See* Affidavits of Oscar Paz Cruz ("Cruz Aff."), Neptali Ortega ("Ortega Aff."), Carlos Francisco Ayala Fuentes ("Carlos Fuentes Aff."), and Manuel DeJesus Ayala Fuentes ("Manuel Fuentes Aff."), at ¶¶ 7, 11, attached as Exhibits 1, 2, 3, and 4 to Plaintiffs' Motion (DE 7). Further, the four affidavits submitted specifically name additional co-workers, employed as car laborers who cleaned and dried cars, and who also were allegedly not properly compensated for their overtime by Defendants. *See* Cruz Aff. ¶¶ 8, 11; Ortega Aff. ¶¶ 8, 11;

5

Carlos Fuentes Aff. ¶¶ 8, 11; Manuel Fuentes Aff. ¶¶ 8, 11 (each naming 12 car laborers, other than Plaintiffs, who allegedly worked in excess of 40 hours per week and were not properly compensated). Each Plaintiff states that his knowledge of the other laborers working in excess of 40 hours per week without being compensated for overtime hours is based upon the fact that the other laborers had similar schedules to the individual Plaintiff or the other laborers specifically told the named Plaintiff that they worked in excess of 40 hours per week without being compensated. *See* Cruz Aff. ¶¶ 7,11; Ortega Aff. ¶¶ 7,11; Carlos Fuentes Aff. ¶¶ 7,11; Manuel Fuentes Aff. ¶¶ 7,11.

Defendants oppose Plaintiffs' motion for conditional certification. Defendants claim that there are nine potential class members, including one named Plaintiff, for whom unique and individual defenses exist, and, as such, the potential class members are not similarly situated. *See* DE 12. These nine potential class members participated in a United States Department of Labor ("DOL") investigation of Defendants' compensation practices in 2008. Defendants argue that the statements made by each employee during the DOL investigation, as well as any payment they may have received as a result, will give rise to defenses that prevent these nine individuals from being similarly situated to the other potential class members. *See* DE 12 at 2-3.

In support of this proposition, Defendants rely on *Guzman v. VLM, Inc.*, No. 07-CV-1126, 2007 WL 2994278, at *2-3 (E.D.N.Y. October 11, 2007), which states that in determining whether potential class members are similarly situated, courts in the Second Circuit have looked to whether there are: "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3)

fairness and procedural considerations" *Id.* at *3.[1]  This stricter three-part test is routinely used in this Circuit by courts at the second stage of the class certification inquiry, which normally occurs after the completion of discovery.  *See Jacobs v. New York Foundling Hospital*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007); *Rodolico*, 199 F.R.D. at 480-482.  However, "it is well settled that the existence of certain individual claims or defenses does not preclude the conditional certification of an FLSA collective action."  *Sexton v. Franklin First Financial, Ltd.*, No, 08-CV-04950, 2009 WL 1706535, at *8-9 (E.D.N.Y. June 16, 2009); *see also Searson v. Concord Mortgage Corp.*, No. 07-CV-3909, 2009 WL 3063316, at *5-6 (E.D.N.Y. Sept. 24, 2009) ("When conducting an initial determination for class certification, the court does not look to [Defendant's] individual defenses because that inquiry is properly addressed in the second stage of certification."); *Summa v. Hofstra University*, No. CV 07-3307, 2008 WL 3852160, at *5 (E.D.N.Y. Aug. 14, 2008) (holding that inquiry into individual defenses "is not a proper inquiry for the court on this motion.  Such factual determinations will be addressed at the second stage of the certification process after the completion of discovery.").  Thus, Defendants' argument that Plaintiffs are not

---

[1]  Defendants also rely on *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) for the proposition that class certification is inappropriate where a potential Plaintiff is subject to unique defenses.  *See* DE 12 at 2.  However, *Gary Plastic* involved class certification under Federal Rule of Civil Procedure 23 (not collective action certification for purposes of a Notice of Pendency).  It is well settled that the burden for obtaining class certification under Rule 23 is higher than under the FLSA, and, as such, *Gary Plastic* is not applicable here.  *See Rodolico*, 199 F.R.D at 481 ("[C]ourts have found that the similarly situated requirement of 29 U.S.C. § 216(b) is considerably less stringent than the requirement of Fed.R.Civ.P. 23(b)(3) that common questions predominate."); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006) ("FLSA only requires employees to be 'similarly situated,' whereas Rule 23 requirements are more detailed.").

similarly situated because there may be unique defenses against some potential class members is not an appropriate consideration upon a motion for conditional certification prior to discovery.

The Court finds that Plaintiffs have met the lenient evidentiary standard necessary to warrant the determination, at this stage, that the proposed opt-in plaintiffs are "similarly situated." Plaintiffs "have demonstrated a sufficient 'factual nexus between [their] situation and the situation of other current and former' employees, who were potentially denied. . . overtime wages." *Sexton*, 2009 WL 1706535, at *9 (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 308 (S.D.N.Y. 1998)); *Bifulco*, 262 F.R.D. at 215. Accordingly, Plaintiff's motion for conditional certification is GRANTED.

### B. Production of Contact Information for Potential Opt-Ins

Plaintiff also moves for an Order requiring defendants to "provide the plaintiffs with the names and addresses of all potential class members, who were employed by the defendants within six (6) years prior to the commencement of this action. . . " DE 7 at 3. Defendants have not stated any opposition to this request.

Courts within the Second Circuit typically grant this type of request when granting a motion for conditional certification of an FLSA collective action. *See Sexton*, 2009 WL 1706535, at *13; *Bifulco*, 262 F.R.D. at 216; citing *Hens*, 2006 WL 2795620, at *5 (the name, last known mailing address, last known telephone number, work location, and dates of employment are "essential to identifying and notifying potential 'opt-in' plaintiffs, and should be disclosed"); *Sherrill*, 487 F. Supp. 2d at 350 ("I agree that such information is essential to identifying prospective opt-in plaintiffs."); *Chowdhury*, 2007 WL 2873929, at *2 ("When a court

certifies a collective action, it may require an employer to disclose the names and addresses of potential plaintiffs.").

The FLSA has a maximum three-year statute of limitations period. *See* 29 U.S.C. § 255. However, Plaintiffs request the contact information of employees going back a six year period because the state law claims, over which the Court may exercise supplemental jurisdiction, have a six-year statute of limitations. *See* 28 U.S.C. § 1367. In similar cases, courts in this Circuit have granted both three and six year periods depending upon the respective court's findings. I find it appropriate and in the interest of judicial economy in this case to allow a six-year period to apply "even if some recipients of the notice will have claims that are time-barred under the FLSA." *Cano v. Four M Food Corp.*, No. 08-CV-3005, 2009 WL 5710143, at *10 (E.D.N.Y. Feb. 3, 2009). It appears that there may be a number of employees who have both timely FLSA and state law claims. Plaintiffs filed the Complaint on August 13, 2010. Therefore, the three-year cut-off date is August 13, 2007. Because claims of the potential opt-in plaintiffs are tolled on the date that their consent forms are filed, *see* 29 U.S.C. § 256(a), August 13, 2007 is the earliest possible date that a plaintiff in this case may have been last employed by Defendants in order to have a timely claim under the FLSA. *See Sexton*, 2009 WL 1706535, at *10; *Bifulco*, 262 F.R.D. at 216. Named plaintiff Carlos Francisco Ayala Fuentes worked for the Defendants from approximately May 2007 to May 2010. Some of his claims may be time-barred under the FLSA while others are not, and his New York Labor Law claims are timely. The same is true of named plaintiff Manuel DeJesus Ayala Fuentes.

Likewise, the number of plaintiffs and potential plaintiffs as represented does not appear to be very high. Given these factors, "it seems logical, efficient, and manageable to compel

9

defendants' production of these names only once, if possible." *Id.* This Court finds persuasive the reasoning set forth in those decisions of other courts which have applied a six-year period to determine who is eligible to receive the Notice of Pendency. *See Cano*, 2009 WL 5710143, at *10; *Wraga v. Marble Lite, Inc.*, No. 05-CV-50382006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006); *Alcantara v. CNA Management, Inc.*, 264 F.R.D. 61, 66-67 (S.D.N.Y. 2009); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998); *Harrington v. Educ. Mgmt. Corp.*, No. 02 Civ. 0787, 2002 WL 1343753, at *2 (S.D.N.Y. June 19, 2002). Requiring Defendants to provide the requested information will not be "unduly burdensome or disruptive to [D]efendant's business operations." *See Sexton*, 2009 WL 1706535, at *13; *Bifulco*, 262 F.R.D. at 216 (quoting *Hallissey*, 2008 WL 465112, at *3 ("In selecting the manner of issuing the notice, this court must strike the appropriate balance in ensuring notification to the [opt-in plaintiffs] while minimizing disturbance to [defendant's] business.")). Accordingly, Defendants shall provide the requested information to Plaintiff's counsel within 21 days of this Order.

### C. Form of Notice

Finally, Plaintiffs move for an Order authorizing the dissemination of the proposed Notice of Pendency and Consent to Join in English and Spanish to all putative class action members. *See* DE 7, Exhibit 5. Defendants do not object to this request. Accordingly, the proposed notice is approved. *See Sexton*, 2009 WL 1706535, at *9; *Bifulco*, 262 F.R.D. at 216.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for (1) conditional certification as an FLSA collective action pursuant to Section 216(b) of the FLSA; (2) Defendants' production of names and last known addresses of potential class members employed by Defendants from

August 2004 through October 2010; and (3) Court authorization to post and circulate a proposed

Notice of Pendency and Consent to Join is GRANTED.

**SO ORDERED.**

Dated: Central Islip, New York
December 6, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge